# Commonwealth ex rel. *v.* Swaney et al., Appellants.

*Road law—Supervisors' accounts—State highway department—Mandamus—Peremptory mandamus—Production of books and accounts—District attorney—Acts of June 8, 1893, P. L. 346, and July 14, 1917, section 233, P. L. 840, 865.*

Under the Act of June 8, 1893, P. L. 346, a peremptory mandamus may issue in the first instance, at the suggestion of the district attorney, to compel township supervisors to produce their official accounts and records to representatives of the State Highway Department, in compliance with the Act of July 14, 1917, section 233, P. L. 840, 865.

Submitted May 4, 1921. Appeal, No. 446, Jan. T., 1921, by defendants, from order of C. P. Fayette Co., March T., 1921, No. 713, awarding writ of peremptory mandamus, in case of Commonwealth ex rel. William A. Miller, District Attorney, for use of the State Highway Department of Penna. v. D. Ferd Swaney et al., Supervisors of Georges Township. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for writ of peremptory mandamus. Before REPPERT, J.

The opinion of the Supreme Court states the facts.

The court ordered the issuance of the writ in accordance with the prayer of the petition. Respondents appealed.

*Error assigned* was above order, quoting it.

*E. C. Higbee* and *H. S. Dumbauld,* for appellant.

*A. E. Jones,* for appellee.

PER CURIAM, May 26, 1921:

The Mandamus Statute of June 8, 1893, P. L. 346, provides that, "if the right to require the performance of the act [sought to be coerced] is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance and directed to issue forthwith."

Section 233 of the General Township Act of July 14, 1917, P. L. 840, 865, requires township supervisors to keep books and records necessary in the performance of their duties, and to deliver "such books, papers and accounts to their successors." Section 194 of the same act provides: "All officers of townships of the first and second class shall produce all accounts and records, kept as required by this act, for examination and inspection at any reasonable time, on demand of a duly appointed representative of the State Highway Department."

On March 7, 1921, the petition of the State Highway Department, by Lewis S. Sadler, State Highway Commissioner, attached to a suggestion of the district attorney of Fayette County, was presented to the court below, asking for a peremptory writ of mandamus, commanding appellants, as supervisors of Georges Township, to produce all official accounts and records in their possession, required by the act of assembly, to Guy D. Swingley and George L. Sollenberger, representatives of the State Highway Department, for examination and inspection as permitted by law.

Whereupon the court directed a peremptory writ to go out, requiring defendants to produce, at any reasonable time, the aforesaid accounts and records, in their possession, on demand of the representatives of the

State Highway Department, for their examination and inspection.

The mandamus issued accordingly, and the supervisors appealed; they contend the circumstances of this case are not such as to warrant a peremptory mandamus in the first instance, and that the district attorney was not the proper party to ask for the writ. We see no merit in these contentions.

The judgment is affirmed.